**Date Signed:**
**September 21, 2017**

OFFICE OF THE UNITED STATES TRUSTEE

TIFFANY L. CARROLL
Acting United States Trustee
CURTIS CHING  3931
Assistant United States Trustee
1132 Bishop Street, Suite 602
Honolulu, Hawaii  96813
Telephone:  (808) 522-8154
ustpregion15.hi.ecf@usdoj.gov



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | Case No. 17-00423 |
| | ) | (Chapter 7) |
| | ) | |
| CLIFFORD KAEHU HANAWAHINE and MARIA ELENA HANAWAHINE, | ) ) ) ) | |
| Debtor. | ) | Judge:  Hon. ROBERT J. FARIS |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE: UNITED STATES TRUSTEE'S MOTION TO COMPEL
DISGORGEMENT OF FEES UNDER 11 U.S.C. §329 AND
TO SANCTION ATTORNEYS FOR VIOLATIONS OF 11 U.S.C. §526**

The United States Trustee's Motion To Compel Disgorgement Of  Fees Under 11 U.S.C. §329 And To Sanction Attorneys For Violations Of 11 U.S.C. §526 ("Motion") came on for hearing on September 18, 2017.  Curtis Ching

appeared for the United States Trustee; William Bullard appeared for the Hanawahines, who were also present. No other appearances were made.

## I. FINDINGS OF FACT

1) The United States Trustee has demonstrated the following facts by clear and convincing evidence.

2) In the fall of 2015, Clifford and Maria Hanawahine ("the Hanawahines") decided to file for bankruptcy.

3) Ms. Hanawahine searched on the internet and found the online cite of Volks Anwalt Law ("Volks"). On September 8, 2015, she contacted Volks, spoke to a Volks representative, agreed to hire the firm, received the Volks Retainer Agreement, signed it, and returned it all on the same day. On September 22, 2015, the Hanawahines wired $1,615 to Volks, which was the amount Volks required to cover attorney's fees for the Chapter 7 filing, the Court's filing fee, and a credit check.

4) The Volks' Retainer Agreement promises the following to the Hanawahines:

- Advising the Client about dischargeability and non-dischargeability of certain debts;
- Advising Client about exemption planning;
- If, after evaluation and consultation, the Client decides to proceed in Chapter 7, preparing and filing the Chapter 7 Bankruptcy Petition, applicable Schedules, Statement of Financial Affairs, and Statement of Current Monthly Income;
- Representing the Client at the 341 Meeting of Creditors;

- Negotiating reaffirmation agreements if supplied by secured creditors and meeting with Client to review and execute the same;
- Negotiating interim trustee's Motions for Turnover and Objections to Exemptions on behalf of Client.

5) The Volks' Retainer Agreement also promised to hold retainer fees paid to Volks in a trust account that "shall only be withdrawn from the Trust account when they are earned by [Volks]." The Retainer Agreement further promised that Volks would send invoices to the Hanawahines by email. The Retainer Agreement included a term that, "All fees are earned when paid" but also stated that "Client may be eligible for a refund of the filing fee if bankruptcy is stopped prior to the filing date."

6) Volks informed the Hanawahines that it would appoint a Volks attorney in Hawaii to represent them and further advised the Hanawahines to take a credit counseling course. The Hanawahines promptly took the credit counseling course on October 5, 2015.

7) On or about January 16, 2016, Hawaii attorney Christopher Woo contacted the Hanawahines as Volks' local bankruptcy attorney. Woo had previously reached an agreement to serve as Volks' Hawaii-based attorney. The Hanawahines met with Woo at the Outrigger Canoe Club on or about March 15, 2016 to discuss their case. Woo provided the Hanawahines a draft bankruptcy petition, schedules, and statement of financial affairs for their review. The draft bankruptcy documents identified Woo as "Volks Anwalt – Partner." The

In re Hanawahine – FF & CL    Page 3

U.S. Bankruptcy Court - Hawaii   #17-00423   Dkt # 18   Filed 09/21/17   Page 3 of 15

Hanawahines reviewed the drafts and pointed out numerous errors that needed correction.

8) The Hanawahines contacted Woo in April and May 2016 to find out the status of their filing. Woo gave them assurances about preparations for their case and asked for their patience. But after May 2016, Woo stopped returning the Hanawahines' calls and texts. The Hanawahines were also unable to reach anyone at Volks. At some point after May 2016, the Hanawahines did get in touch with Woo who informed them by phone that he could not help the Hanawahines and that they would have to proceed without him. By this time, the Hanawahines' credit counseling certificate, good for 180 days, had long since expired.

9) In December 2016, a collection agency, AR Recovery Solutions, commenced wage garnishment against Ms. Hanawahine in the amount of $82 per week. This continued until their bankruptcy was filed on April 30, 2017. From the start of the garnishment to the date of the bankruptcy filing, the Hanawahines lost approximately $1,437.

10) In 2017, the Hanawahines persisted in their attempts to contact Volks to request a refund. They managed to speak with someone at Volks in January or February 2017 and asked for a refund. Ms. Hanawahine faxed a letter to Volks on or about February 28, 2017. Ms. Hanawahine also spoke by phone to another Volks

U.S. Bankruptcy Court - Hawaii   #17-00423   Dkt # 18   Filed 09/21/17   Page 4 of 15

representative on May 22, 2017 and asked for a refund.  Volks did not respond to the requests for a refund.

11) The Hanawahines did not receive the advice, the documents, or other services promised by Volks in the Retainer Agreement.  Volks did not send any invoices by email, as promised in the Retainer Agreement.

12) By early 2017, the Hanawahines had largely given up on Volks fulfilling its obligations, the Hanawahines consulted with bankruptcy attorney William Bullard.  They hired Mr. Bullard and paid him $1,734 for attorney's fees plus the filing fee.  Mr. Bullard filed the current case on April 30, 2017.

13) On June 21, 2017, the United States Trustee emailed Lauren NeSmith, a Volks representative with whom the Hanawahines had communicated, asking her to contact the United States Trustee about this case.  The United States Trustee received no response.

14) In the Motion, the United States Trustee has cited other bankruptcy cases throughout the country in which the work performed by Volks was subject to criticism and sanctions.  This Court takes judicial notice of the following court orders:

- In re Banner, 2016 WL 3251886 (Bankr. W.D. N.C. 2016) (where the Bankruptcy Court in the Western District of North Carolina sanctioned

U.S. Bankruptcy Court - Hawaii   #17-00423   Dkt # 18   Filed  09/21/17   Page 5 of 15

Volks, its principal Jessica McClean, and the local partner Joseph Kosko for abandoning the debtor/client).

- <u>In re Glover</u>, No. 15-61476 (Bankr. W.D. Va. Dec. 15, 2015), (where the Volks' managing attorney, Jessica McClean, agreed to refund fees to a debtor and not to provide assistance or representation or collect fees in bankruptcy cases in the Western District of Virginia for three years).

- In the Bankruptcy Court in the District of Maryland, a Stipulation and Consent Order was entered on April 28, 2016 against Volks and Jessica McHale (nka Jessica McClean) to disgorge funds in seven separate cases.

15) In one other case, <u>In re Flores</u>, Case No. 16-63578-tmb13, pending before the Bankruptcy Court for the District of Oregon, the United States Trustee is seeking disgorgement of fees and civil penalties against Volks and its local attorney under §§329 and 526 for abandoning the debtor.

16) On June 21, 2017, the United States Trustee contacted attorney Christopher Woo about the Hanawahines. Woo admitted that he had agreed to be a Volks attorney in Hawaii and met once with the Hanawahines but subsequently had a "falling out" with Volks and was never paid. After that conversation, the United States Trustee sent three additional emails to Woo to obtain further information and cooperation but received no response.

U.S. Bankruptcy Court - Hawaii   #17-00423   Dkt # 18   Filed  09/21/17   Page 6 of 15

17) The United States Trustee filed the Motion and a Notice of Hearing on August 2, 2017. As shown on the Certificate of Service filed on August 3, the Motion and Notice of Hearing was served on attorney Woo by regular mail and email and to Volks at five different mailing addresses.

18) Neither Volks nor Woo filed any opposition to the Motion.

19) The United States Trustee informed the Court that approximately 15 minutes prior to the hearing on September 18, 2017, attorney Woo contacted the United States Trustee by phone. He indicated that he had attempted to file a late opposition to the Motion but that he was unable to upload the pleading into the Court's ecf filing system. He requested that the United States Trustee agree to a continuance and indicated that he did not have sufficient time to appear personally to make this request. The United States Trustee conveyed Mr. Woo's request and did not oppose it but noted that a continuance would be unfair to the Hanawahines who had appeared at the hearing in support of the Motion. While the Hanawahines also did not oppose the continuance, the Court denied the request due to the lack of a timely filed opposition.

## II. CONCLUSIONS OF LAW

20) This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is brought

pursuant to Sections 105, 329, and 526; and Federal Rules of Bankruptcy Procedure Rule 2017.

### A. Volks Shall Be Ordered To Disgorge Fees Pursuant To Federal Rules of Bankruptcy Procedure Rule 2017 and Section 329 Of The Bankruptcy Code

21) Rule 2017(a), Fed. R. Bankr. P. authorizes the Court to determine "whether any payment of money … made … in contemplation of the filing of a petition under the Code by … the debtor … to an attorney for services rendered … is excessive."

22) The Hanawahines' payment of $1,615 to Volks was clearly "in contemplation of" a bankruptcy filing. Fed. R. Bankr. P 2017. Thus, under rule 2017, the Court has authority to rule on whether the amounts paid were excessive.

23) Section 329(a) of the Bankruptcy Code states,

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a).

24) Section 329(b) of the Bankruptcy Code states,

> If [compensation paid or agreed to be paid to debtor's attorney] exceeds the reasonable value of [services rendered or to be rendered in the case], the court may cancel any such agreement, or order the return of any such payment, to the extent excessive[.]

11 U.S.C. § 329(b).

The burden is upon the attorney to demonstrate that the fees are reasonable. In re IMG Transport, LLC, 2012 WL 695019 at *3 (9th Cir. BAP 2012).

25) The fact that Volks was not the Hanawahines' attorney in the bankruptcy case does not remove the firm from the court's review of fees paid. Even an attorney who is not counsel of record may be subject to disgorgement under section 329. See In re Zepecki, 258 B.R. 719 (8th Cir. BAP 2001) (attorney who represented debtor in pre-petition real estate sale was subject to §329 and disgorgement because services were influenced by the imminence of the debtor's filing); In re Garcia, 456 B.R. 361, 364 (N.D. Ill. 2011) (attorney who was not debtor's bankruptcy counsel of record may still be subject to § 329 where services were in contemplation of bankruptcy). Volks entered into a contract with the Hanawahines and received payment in contemplation of their bankruptcy filing. As such, the fees paid to Volks are within the purview of Section 329.

26) While § 329(a) requires that an attorney report compensation paid within one year prior to petition date, § 329(b) contains no time limitation period for disgorgement. See In re Prudhomme, 43 F.3d 1000, 1002-03 (5th Cir. 1995). Thus, courts have authority to review and disgorge fees paid more than a year prior to

filing.  See In re Glemaud, 2013 WL 4498677 at *9 (Bankr. D. Conn 2013); In re Laferriere, 286 B.R. 520, 529-30 (Bankr. D. Vt. 2002).

27)  In the present case, the fact that the Hanawahines paid Volks over a year prior to their filing does not bar this Court from ordering disgorgement. Congress intended bankruptcy courts to monitor overreaching by debtor's attorneys. Neither Section 329 nor Rule 2017(a) have a temporal limitation for a court to determine that attorney's fees were excessive and order a refund.

28)  The reasonable value of Volks' services rendered to the Hanawahines is less than zero.  The Hanawahines paid $1,615 for fees and costs and received nothing which was promised, i.e., assistance and representation in filing a Chapter 7 bankruptcy case.  The fact that Volks may have drafted some documents means little since the Hanawahines never received the completed work, and Volks never filed their case.  Moreover, $335 of the $1,615 paid to Volks was for the Chapter 7 filing fee.  So Volks actually received more than the amount which covered its fees and even kept funds that were meant to be paid to a third party.  Finally, by making promises it did not keep, Volks induced the Hanawahines' reliance, and the delay caused further harm when a creditor garnished Ms. Hanawahine's wages.  By taking money for both attorney's fees and the filing fee and refusing to provide the promised services, Volks defrauded the Hanawahines.  Pursuant to Rule 2017 and Section 329, Volks shall be ordered to disgorge the $1,615 it received from the

Hanawahines. Woo represented to the Hanawahines that he was a partner of Volks; therefore, Volks and Woo are jointly and severally liable for this amount.

### B. Volks And Woo Shall Be Sanctioned Under §526

29) Section 526(a)(1) states,

> (a) A debt relief agency shall not – (1) fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title.

11 U.S.C. § 526(a)(1).

30) Section 526 governs restrictions on debt relief agencies and was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, "to correct perceived abuses of the bankruptcy system." Milavetz, Gallop & Milavetz, P.A. v. United States, 569 U.S. 229, 231-32 (2010). Section 526 "provide[s] sanctions and remedies when a debt relief agency 'intentionally or negligently' fails to comply with those regulations or engages in a clear and consistent pattern or practice of violating those regulations." In re Huffman, 505 B.R. 726, 758 (Bankr. S.D. Miss. 2014).

#### 1. The Hanawahines Are "Assisted Persons."

The Hanawahines are "assisted persons" as defined in §101(3). As shown on their bankruptcy schedules, they have "primarily consumer debts," and the value of their non-exempt assets is less than $192,450. See 11 U.S.C. §101(3).

31) **Both Volks And Woo Are "Debt Relief Agencies."**

32) A "debt relief agency" is "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration." 11 U.S.C. §101(12A).

33) Both Volks and Woo are "debt relief agencies." They provided bankruptcy assistance[1] to the Hanawahines. The Hanawahines paid Volks for that assistance. Woo, who apparently claims he did not receive payment, is a "debt relief agency" since he represented himself as a Volks partner, and Volks received payment from the Hanawahines. Even if he were not a partner, Woo is still a "debt relief agency" since he received "other valuable consideration" for his services, i.e., a promise of payment.

> **2. Under § 526(a)(1) and (c), Volks' Contract With The Hanawahines Shall Be Deemed Void and Fees Ordered Refunded.**

34) Section 526(a)(1) provides that a debt relief agency "shall not fail to

---

[1] "Bankruptcy assistance" is defined under Section 101(4A) as "any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under" the Code. Volks and Woo sold and/or provided legal services to the Hanawahines relating to the filing of a bankruptcy case. As such, Volks and Woo plainly provided "bankruptcy assistance" to the Hanawahines under 11 U.S.C. § 101(4A).

In re Hanawahine – FF & CL  Page 12

U.S. Bankruptcy Court - Hawaii   #17-00423   Dkt # 18   Filed  09/21/17   Page 12 of 15

perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a [bankruptcy] case or proceeding."

35) Both Volks and Woo violated section 526(a)(1) because they failed to perform services that they promised. Volks had a contract promising a host of services that included advising the Hanawahines, preparing bankruptcy documents for filing, appearing with them at a meeting of creditors, negotiating with creditors, and invoicing them for fees. Woo, as Volks' partner or agent, undertook the same promises. The Hanawahines received none of the promised services.

36) The violation of section 526(a) results in the contract between the debt relief agent and the debtor being void. 11 U.S.C. § 526(c)(1). Volks' contract with the Hanawahines shall be deemed void, and the $1,615 in attorney's fees (and costs) paid by the Hanawahines shall be ordered returned to them. Volks and Woo shall be jointly and severally liable for this refund.

### 3. Volks And Woo Shall Be Assessed A Civil Penalty Under § 526(c)(5).

37) Section 526(c)(5) authorizes the Court to impose a civil penalty against any firm that "intentionally violated [§ 526], or engaged in a clear and consistent pattern or practice of violating this section[.]"

38) Volks has engaged in a clear and consistent pattern or practice of violating section 526. Bankruptcy Courts in North Carolina, Virginia, and Maryland

have already sanctioned Volks and/or its principal for abandoning debtors.  The U.S. Trustee has brought another motion against Volks in the Bankruptcy Court in the District of Oregon for similar problems.  The violation of § 526(a) in the District of Hawaii appears to be merely the latest example in a string of cases throughout the country that demonstrate that Volks' neglect is not an isolated instance.  Accordingly, under § 526(c)(5), this Court possesses authority to impose a civil penalty against Volks.

39)     Attorney Woo also triggered § 526(c)(5) because his actions "intentionally violated" § 526 by his promises to represent the Hanawahines and then his subsequent abandonment of them.  The fact that his law partner, Volks, may not have paid him does not vitiate his responsibility to his clients or justify his abandonment of them.

40)     Accordingly, under § 526(c)(5)(B), the Court has ample cause to order a civil penalty against Volks and Woo for their inexcusable abandonment of the Hanawahines.  While § 526(c)(5)(B) prescribes no range or formula for determining the amount, the penalty should be designed to deter the offending parties and others from future, similar misconduct.  See In re Huffman, 505 B.R. 726, 766 (Bankr. S.D. Miss. 2014).

41)     In Hawaii, treble damages are awarded as a form of deterrence.  See Eastern Star, Inc. S.A. v. Union Bldg. Materials Corp, 6 Haw. App. 125, 712 P.2d

U.S. Bankruptcy Court - Hawaii   #17-00423  Dkt # 18   Filed  09/21/17   Page 14 of 15

1148, 1159 (Haw. App. 1985) (HRS § 480-2 treble damages is a deterrent). The damages suffered by the Hanawahines stem from their wages that were garnished from December 2016 through April 30, 2017 totaling $1,437. That garnishment would not have occurred if Volks and Woo had fulfilled their duties under the contract and under § 526(a). Volks and Woo shall be ordered to pay the amount garnished, $1,437, multiplied by three, i.e., $4,311, as a civil penalty to deter themselves and others from future similar misconduct. Volks' and Woo's liability for this obligation will be joint and several.

## END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

Submitted by:

CURTIS CHING  3931
Assistant United States Trustee
1132 Bishop Street, Suite 602
Honolulu, Hawaii  96813
Telephone:  (808) 522-8154
Ustpregion15.hi.ecf@usdoj.gov
Attorney for United States Trustee